**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LUIS ALBERTO ONATE ROSALES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-2078-R** |
| **v.** | ) | |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**REPORT AND RECOMMENDATION**

Petitioner Luis Alberto Onate Rosales, a non-citizen proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). As set forth fully below, the undersigned recommends that the Court **DISMISS** the Petition as **moot** because Petitioner is no longer in ICE custody and this Court can grant no relief to him.

## I. Factual and Procedural Background

On August 7, 2026, Petitioner filed the instant Petition challenging his ongoing immigration detention. (Doc. 1, at 8). On July 30, 2026, an immigration judge ordered

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Petitioner removed to Mexico. (Doc. 8, at Ex. 9, at 1). Petitioner reserved the right to appeal to the BIA. (*Id.* at 2). The time to file an appeal expired on August 31, 2026. (Doc. 8, at 4).[2] Petitioner was removed from the United States on September 18, 2026. (Doc. 13, at Ex. 1, at 2). Respondents submit that the Petition is now moot. (Doc. 13, at 1).

## II. Analysis

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)). So, a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

The case here is moot because Petitioner has been removed from the United States and is no longer in ICE custody. "Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention." *Phakousonh v. Mullin*, No. CIV-25-1398-JD, ECF No. 17, at *3 (W.D. Okla. Mar. 30, 2026). Thus, this action should

[2] Petitioner filed an appeal on September 10, 2026, which the EOIR Automated Case Information system shows as "pending." *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 30, 2026).

be dismissed as moot. *See, e.g.*, *Kambanda v. Grant*, No. CIV-26-552-SLP, 2026 WL 1740563, at *1 (W.D. Okla. June 16, 2026); *Phakousonh*, ECF No. 17, at *3.

## III. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Court **DISMISS** the Petition, (Doc. 1), as **moot** because Petitioner is no longer in ICE custody. Additionally, Petitioner's Motion for Temporary Restraining Order, (Doc. 11), should also be **DENIED** as **moot**.

**The Court advises the parties of their right to object to this Report and Recommendation by October 7, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of September, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE